JUSTICE COTTER,
concurring.
¶36 I concur in the Court’s decision to affirm the jury verdict and judgment. I write separately to offer additional comments with respect to M. R. Civ. P. 32(d)(3)(A), and to register my disagreement with the jury instruction that is the subject of Issue Two.
¶37 It is apparent from the record that counsel for the plaintiff did not anticipate at the time the physicians’ depositions were taken that the depositions would be read into evidence at trial in lieu of live testimony. As is sometimes the case, it turned out that neither Dr. Speth nor Dr. Sorini was available to testify at trial, and therefore their depositions were offered. During trial, Siebken objected to the admission of the Speth letter on foundation and authenticity grounds. Counsel for the defendant argued in response that any foundation objections to deposition testimony are waived if not made during the deposition, citing Olson v. Shumaker. In other words, waiver was presented in the District Court as the rale, not the exception.
¶38 In Olson, we said: “Rule 32(d)(3)(A) provides that a party waives objections to a witness’s competency or the competency, relevancy, or materiality of testimony, if not made at the deposition if‘the ground of the objection is one which might have been obviated or removed if presented at that time.’ ” This turn of phrase seemingly conveys a presumption in favor of waiver when the rule actually provides that an objection is not waived except under certain limited circumstances.
¶39 Our interpretation of Rule 32(d)(3)(A) in Olson has prompted expressions of concern from the trial bar. I write separately here to underscore that the rule is that the objections noted in the rule are not waived by failure to make them during the deposition; the exception is where the ground for the objection could have been corrected or resolved during the deposition.
*266 ¶40 In the case at hand, I cannot disagree with the Court’s conclusion that any objections related to the authenticity of or foundation for the Speth letter could have been resolved had the objections been raised during the physicians’ depositions. Determining post hoc whether grounds for objections relating to the relevance or materiality of testimony “might have been corrected” had the objections been raised during a deposition presents a much trickier question. Unless and until Rule 32(d)(3)(A) is revised, however, it will remain the task of this Court to apply the language of the rule as written. Therefore, if there is a possibility that a subject deposition may end up being read into evidence at trial in lieu of live testimony, lawyers should take care during that deposition to interpose objections as to a deponent’s competence or the competence, relevance, or materiality of the evidence offered during the deposition, should it appear that such objections could be resolved or corrected if raised at that time.
¶41 I also write to register my objection to Jury Instruction No. 18. The Court declines to offer an opinion on the merits of this instruction. Opinion, ¶ 31. My opinion is that it is an erroneous statement of the law. There is a qualitative difference between what one knows or discovers, and what one suspects. We have held that “mere suspicion may not constitute discovery.” Mobley v. Hall, 202 Mont. 227, 233, 657 P.2d 604, 607 (1983) and Christian v. Atl. Richfield Co., 2015 MT 255, ¶ 66, 380 Mont. 495, 358 P.3d 131. Because Instruction No. 18 improperly blends knowledge and suspicion, I believe it would be error for any court to give this instruction.
¶42 With these caveats, I concur.
JUSTICE McKINNON joins in the concurrence of the Opinion.